# Appeal of Lucy Dundas et al.

---

## James Dundas' Estate.

The case of an executor purchasing at his own sale is one which addresses itself to the sound discretion of the orphans' court, and where that discretion has been lawfully exercised the supreme court will not revise it.

(Argued January 20, 1888.   Decided February 20, 1888.)

January Term, 1888, No. 8, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from decrees of the Orphans' Court of Philadelphia County upon the reports of a master appointed to conduct certain sales of real estate. Affirmed.

The facts appeared from the record as follows:

James Dundas died July 4, 1865, leaving a will by which he directed that the residue of his estate, both real and personal, should be divided into forty equal parts, of which he gave

to his grandnephew, James Dundas Lippincott, sixteen shares, to his grandniece, Anna Maria Dundas, twelve shares, to his niece, Mrs. Agnes Dundas Lippincott, three shares, to the children of his deceased brother, William H. Dundas, five shares, to the children of his brother John Dundas, two shares, and to the children of his deceased brother, Henry T. Dundas, two shares—the child or children of a deceased parent to take the share that the parent would have taken if living.

In the fourteenth item of his will he gave to his executors full power and authority to sell at public or private sale, the whole or any part of his estate, real and personal, without application to the orphans' court, or to any other court, either for the purpose of effecting the sale or division of any lands "that I may own in Schuylkill county, or for the purpose of carrying out this, my will." He appointed Joshua Lippincott, Richard Smethurst, and James Dundas Lippincott the executors of his will. Richard Smethurst died April 18, 1867, and Joshua Lippincott died October 30, 1880.

March 17, 1883, James Dundas Lippincott, the sole surviving executor, presented his petition to the orphans' court of Philadelphia county, setting forth that under the powers contained in the will he was about to sell decedent's real estate at public sale; that he was desirous of becoming a bidder at the sale for the purpose of protecting his interest in the property, which he was advised he could not do without leave of court, and prayed for leave to bid at such sale, and for the appointment of a master to conduct the same and that due notice be given to all parties interested therein.

The court granted the prayer of the petition and appointed Henry C. Olmstead master to conduct the sales, notice to be given to parties in interest as set forth in the petition. The master gave notice to the parties intrusted and after advertisement in the public papers the sale was made June 6, 1883. The Passyunk farm, a tract of 145 acres in the lower portion of the city of Philadelphia, was sold in bulk to the executor; certain tracts of coal land in Schuylkill county, known together as parcel No. 2, and consisting of the Oak Hill, Mine Hill, and Theophilus Hughes' track, remained unsold for want of a bidder; another portion of the coal lands, known as parcel No. 5, or Sharp Mountain tract, was sold to the executor at his bid of $10 an acre. These sales were objected to, principally on the ground of inadequacy of price.

The case was referred back to the master, who filed a second report setting forth that the parties had agreed that the sales which had been objected to should be set aside, and a resale ordered. The court accordingly made an order for the resale of the Passyunk farm and parcels No. 2 and No. 5 of the coal lands.

Prior to the second sale, a mass of testimony was offered on behalf of Lucy Dundas and other parties interested, for the purpose of showing that the Passyunk farm could be sold to better advantage in parcels than in bulk; and it was finally arranged that it should be divided into six different parcels. One of these tracts, known as parcel No. 1, adjoined the land of Adam W. Louth. He had offered before the master $5,000 for this parcel, and it was finally sold to him at that price at the second sale on February 20, 1884.

At this sale tracts Nos. 2, 3, 4, 5, and 6, of the Passyunk farm and parcels Nos. 2 and 5 of the coal lands were sold to the executor. The sales of tract No. 1 of the farm to Louth ,and of tract No. 6 of the farm to the executor for $23,200 were confirmed without objection; the sales of the remaining parcels were objected to by appellants as having been sold for less than half of their value. Tract No. 2 of the farm brought $3,100; tract No. 3, with the farm-house and buildings thereon, $16,100; tract No. 4, $9,100; tract No. 5, $9,700; parcel No. 2 of the coal lands sold for $60 an acre, and parcel No. 5 for $16 an acre.

The master reported these sales on May 3, 1884, and upon petition of Lucy Dundas, this report was referred back to the master, with instructions to take testimony and report back to the court.

In accordance with the order the master took testimony and filed a fourth report, which contained, *inter alia,* the following:

"Under all the evidence,. the master reports that although some of the tracts of the Passyunk farm were purchased cheaply, they brought as much as could reasonably be expected at public sale; and there is no such inadequacy of price as would justify the setting aside of the sale. The exceptions to the confirmation of the sale of tracts Nos. 2, 3, 4, and 5, of the Passyunk farm should, therefore, be dismissed, and the sale confirmed.

"As to the coal land. Prior to this notice (that a fire had

broken out in the working and was extending) counsel for the exceptants had offered, if the property was put up again at public sale, to produce a bidder who would bid $70 an acre for the tract—the selling price having been $60. When the circumstance of the fire was made known the offer to bid was at once withdrawn.

"Had the offer of $70 an acre been allowed to stand, the master would have reported in favor of setting aside the sale, as an advance of over $6,000 would have been obtained in the price; but in view of the withdrawal of this offer and of the fact that the estimates of experts vary so widely as to give the impression that they must be almost guesses, the master has arrived at the conclusion that the price brought at the public sale, which was the second time the property had been put up, is the best evidence of value, and that the sale of parcel No. 2 should be confirmed.

"The question of costs has been raised several times in this case by counsel; and the master reports thereon that he does not think it fair or just to charge the estate with the whole of the costs, since the objections to the confirmation of the sales of February 20, 1884, were filed.

"The exceptants have succeeded before the master in having only one of their objections sustained, namely: that to the confirmation of the sale of parcel No. 5 of the coal lands—and that for a reason that was not laid before the master until February 24, 1885, more than a year after the sale was made. In the meantime this litigation has prevented any final disposition of the properties. The master, therefore, reports that the exceptants should be charged with one half of the costs of this proceeding accrued since the sale of February 20, 1884, in the proportion of their respective interests, the remaining one half to be paid by the estate of James Dundas, deceased."

June 27, 1885, the orphans' court sustained exceptions of appellants as to the imposition of costs upon the fund realized from the sale and suspended confirmation of the sales reported by the master until October 10, 1885. On that day a petition was presented to the orphans' court on behalf of the exceptants, praying for a further suspension of the confirmation of the sale of parcel No. 2 of the coal lands and of No. 3 of the Passyunk farm. This petition was refused, [4] and on the same day the sales of these lands were confirmed. [1, 3, 5–9]

October 31, 1885, Lucy Dundas petitioned that the decree of October 10, 1885, should be opened so as to set aside the sale of parcel No. 3 of the Passyunk farm and order a resale thereof upon an advanced bid of $20,000 made by Isaac N. Haley with security. January 2, 1886, the court dismissed this petition, [10–13] and at the same time confirmed the sale of tract No. 2 of the Passyunk farm to the executor for $3,100. [2]

A third sale was made under the supervision of the master on April 7, 1886, at which parcel No. 5 of the coal lands was sold to Calvin Pardee for $17,220. Tract No. 4 of the Passyunk farm was sold to the executor for $30,750 and tract No. 5 to J. G. Rosengarter for $43,000. All these sales were subsequently confirmed.

Upon the confirmation of these sales the appellants presented a petition to the court to have their counsel fees, costs of expert witnesses, and other expenses paid out of the fund. To this an answer was filed by J. Dundas Lippincott, Mrs. Agnes Dundas Lippincott, and Mrs. Anna M. Wurts—Dundas.

The court referred this petition and answer to the master, who reported in favor of allowing the claim of expert witnesses and costs to be paid out of the fund; he also reported that the counsel fee of $1,500 had been fully earned by counsel for appellants, but only allowed $500 out of the fund. The remainder of the counsel fee and the fee of one of the expert witnesses amounting to $1,050 were charged upon the shares of the appellants. The court dismissed exceptions to the master's findings as to costs. [19–25]

The assignments of error specified: (1, 3, 5–9) The decree of October 10, 1885; (2, 10–13) the decree of January 2, 1886; and (19–25) the dismissal of the exceptions to the master's finding as to costs.

*Arthur M. Burton* for appellants.

*John J. Wilkinson, John G. Johnson,* and *George W. Biddle* for appellee.

PER CURIAM:
This case was one addressing itself to the sound discretion of the court; and as that discretion was lawfully exercised we will not undertake to revise it.

Decree affirmed and appeal dismissed, at the costs of appellants.